Any person through whose hands a bill or note has passed may give notice to the drawer or his prior indorser of the dishonor of the bill for his protection and indemnity, although the bill or note may not have been by him at that time taken up. And such notice may be given, as is almost universally the case, without his having then in his hands the protest, which may be the evidence of the bill's having been dishonored. It is sufficient (if a protest be necessary) that there be one in fact. Nor has the law prescribed any particular form of notice. All that is required is that the party be apprised of the fact of nonpayment. It may be in words, it may be in writing, it may be read from a memorandum or letter, either written or printed, signed or unsigned, bearing the name of any one or of no one, for the person giving the notice adopts it as his own. The only question in this case, therefore, is, Did the runner of the bank act as the agent or servant of the bank, and was that known to Seawell? Or did he act as an officious intermeddling stranger? If in the first capacity, it was the same as if the bank itself had, in words, given Seawell the same information as was contained in the printed letter, which the runner delivered to him. It should therefore have been left to the jury by the court, whether the runner of the bank acted as the servant or agent of the bank in this particular or as a mere disinterested (567) stranger. If in the first capacity Seawell could not but regard it as a notice from his indorse. If in the latter capacity he might look on it as an idle rumor or a malignant falsehood. This view of the case excludes entirely the necessity of the notary's sign manual, and his notarial seal being affixed to the letter for the notice in this case derives its validity as coming from the bank and not from the notary; although by our law it was competent for him also to give notice as the agent of all concerned. Seawell appearing a few days after at the bank and requesting the acceptor to be sued was matter for the consideration of the jury in ascertaining in what character he viewed the runner of the bank to act. The Court has nothing to do with it.
The jury being misdirected, I think a new trial should be granted.
HALL, J., concurred.
PER CURIAM. New trial. *Page 317 
PRACTICE